On respondent's motion for reconsideration filed January 25, reconsideration allowed; opinion (132 Or App 1, 887 P2d 387) modified and adhered to as modified March 8, 1995

## VALUE MOBILE HOMES, INC.,
*Respondent - Cross-Appellant,*

*v.*

## BANK OF AMERICA OREGON,
formerly known as Seafirst Bank Oregon,
formerly known as Woodburn State Bank,
*Appellant - Cross-Respondent.*

## BANK OF AMERICA OREGON,
formerly known as Seafirst Bank Oregon,
formerly known as Woodburn State Bank,
*Third-Party Plaintiff,*

*v.*

## Dean W. POLLMAN,
*Third-Party Defendant.*

(91C-11673; CA A80787)

891 P2d 695

Kim E. Hoyt and Ferder, Brandt & Casebeer for motion.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff Value Mobile Homes, Inc., (VMH) seeks reconsideration of our opinion in *Value Mobile Homes, Inc. v. Bank of America*, 132 Or App 1, 887 P2d 387 (1994). We allow the motion and modify our opinion.

VMH leased unimproved real property from defendant (bank) for use as a mobile home sales lot. Although VMH spent money improving the property, it did not complete the improvements necessary to operate a business there. Later, VMH brought this action for breach of contract. It alleged that bank breached an agreement to provide it with a fully improved property, suitable for use as a mobile home sales lot, in exchange for VMH's expenditure of $26,000. VMH also alleged that bank breached a promise to provide it with an $80,000 line of credit (the flooring agreement). At trial, bank moved for a directed verdict, asserting that the lease unambiguously required VMH to make all improvements to the property, and that the flooring agreement was a separate contract. The trial court denied the motion. First, it concluded that the contract consisted of the lease and the flooring agreement letter. Next, it determined that the contract was ambiguous. Later, the jury awarded damages to VMH for bank's breach of the promises contained in that fully integrated contract.

In our earlier opinion, we reversed the trial court's denial of bank's motion for a directed verdict, concluding that the contract unambiguously required VMH to make all improvements to the property. On reconsideration, VMH observes that we did not specifically address the issue of bank's breach of the flooring agreement provision.[1] VMH does not contend that the flooring agreement was a separate contract. It argues only that there is sufficient evidence to support the jury's award of damages for its lost profits, which allegedly resulted from bank's failure to loan it certain monies.

The flooring agreement provides, in part:

"This letter is to verify our agreement in leasing to you the vacant 1.6 acre parcel of land * * * owned by the bank.

[1] Bank agrees that it did not provide VMH with a line of credit.

"* * * * *

"You will be expected to place an estimated $26,000 in improvements to the property in the way of permits, fees, sewer & water, drainage, gravel, paving, grading and other necessary items to operate a mobile home sales lot. * * * The bank will assist you in an open loan of $26,000 * * *.

"In addition, the bank will provide you with a flooring/operating line in the amount of $80,000 at prime plus 1 1/2% at 90 day intervals * * *. This line will be secured by inventory, accounts receivables, mobile homes and personal guarantees."

Bank loaned VMH $26,000 for improvements, which was insufficient to pay for all of the "necessary items to operate a mobile home sales lot." The evidence is that VMH did not make the improvements required to operate that business. VMH has not referred us to any part of the record that suggests it was entitled to the flooring/operating line of credit before those improvements had been substantially completed. Moreover, VMH has not explained what evidence shows that it lost any profits as a result of bank's failure to provide it with money for inventory and operating expenses for a business that never came into being.

Reconsideration allowed; opinion modified and adhered to as modified.